19,702-03

Date: 8-19-15

To: Lisa David
District Clerk
P.O. BOX 24
Georgetown Texas 78627

From: Mr. Santos Loa #438869
Stringfellow
1200 FM 655
Rosharon Texas 77583

Re: Request for Evidentiary hearing & Objections to Court's Order.

Dear Clerk,

Please file this motion with the 277th District Court.
Thank you for your time.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document has been forwarded to:

Court lof Criminal Appeals
P.O. BOX 12308
Austin Texas 78711

on 8-19-15

c                           UNSWORN DECLARATION

I hereby declare under penalty of perjury that the foregoing,
and attached documents are true and correct.

executed; 9-19-15                    Respectfully submitted,

                                     _Santos Loa_
                                     Mr. Santos Loa #438869

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 24 2015

Abel Acosta, Clerk

NO. 06-252-KC

| | | |
|---|---|---|
| EX PARTE | § | IN THE 277th JUDICIAL |
| SANTOS LOA | § | DISTRICT COURT OF |
| | § | WILLIAMSON COUNTY, TEXAS |

REQUEST FOR EVIDENTIARY HEARING & OBJECTIONS TO COURT"SS ORDER

To: The Honorable Court now comes Petitionersin this cause, and would show the Court the following in support of Petitioner's motion being granted:

1. Defense/Appeal Counsel has never responded to Court's order. Petitooner filed motion seeking contempt order against said Appeal attorney. Court has yet to rule on that motion, or force Appeal attorney to answer:

2. The Judiciary (Court of Criminal Appeals) does not make law in Texas. Law is made by the Texas legislature. Under the Texas Code of Criminal Procedure art. 11.07 there is no time limit set on filing an 11.07 Habeas Corpus. There the State's argument about laches applying to an 11.07 is a frivolous argument. Had the Texas legislature wanted laches to apply it would habweenacted such section under article 11.07 TCCP. For this reason movant objects to the Court's order.

3. For the judichary to encroach on the Texas Legiälature's law making duties, by applying the doctrine of laches with statutory authority is itself a constitutional violation.

4. For the Court to refuse to make Appeal Attooraay answer the allegations set forth, is to ensure that petitioner does not develope evidence to support his claim.

5. The art 11.07 requires the Petitenner to only to file for an an out of time appeal if appeal hças been denied. All other criteria the Court is attempting to force an applicant is a encroakhment on the jmgislature.

CONCLUSION

For the above reasons Petitioner objects to the Court's order.

Respectfully submitted,

*Santos Loa*

Mr. Santos Loa #438869
Stringfellow
1200 FM 655
Rosharon Texas 77583

cc.file